21

United States District Court
Eastern District of Michigan
Southern Division

FILED
SEP 01 2026
CLERK'S OFFICE
U.S. DISTRICT COURT

United States of America,

Plaintiff,

v.

Rodney Underwood,

Defendant.

Case No. Case No. 26-20403

Hon. Judge Terrence G. Berg

_______________________________/

# Plea Agreement

The United States of America and the defendant, Rodney Underwood, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

## 1. Count of Conviction

The defendant will waive his right to an indictment and will plead guilty to Count 1 of the Information. Count 1 charges the defendant with making a false claim, in violation of 18 U.S.C. § 287.

## 2. Statutory Minimum and Maximum Penalties

The defendant understands that the count to which he is pleading guilty carries the following maximum statutory penalties:

| | | |
|---|---|---|
| Count 1 | Term of imprisonment: | Maximum of 5 years |
| | Fine: | Up to $250,000 or twice the gross gain or loss |
| | Term of supervised release: | Up to 3 years |

**3. Agreement Not to Bring Additional Charges**

If the Court accepts this agreement and imposes sentence consistent with its terms, the Criminal Division will not bring additional charges against the defendant for the conduct reflected in the factual basis.

**4. Elements of Count of Conviction**

The elements of Count 1 are the following:

1. The defendant made or presented a claim to an agency of the United States for money or property;

2. The claim was false, fictitious or fraudulent; and

3. The defendant knew at the time that the claim was false, fictitious or fraudulent.

## 5. Factual Basis

The parties agree that the following facts are true, accurately describe the defendant's role in the offense, and provide a sufficient factual basis for the defendant's guilty plea:

Between 2023 and 2024, the defendant electronically submitted to the Internal Revenue Service 210 nearly identically false U.S. Individual Income Tax Returns, Forms 1040 ("Forms 1040"), for tax years 2022 and 2023, on behalf of clients from various locations in Detroit, Michigan, which is in the Eastern Judicial District of Michigan. The defendant "ghost prepared" these returns, meaning that he left the paid preparer section blank, so that the returns appeared to be self-prepared. On each of the false Forms 1040, the defendant intentionally reported false dividend income amounts and false withholding amounts to generate refunds that the clients were not entitled to receive.

For example, in October of 2023, the defendant did knowingly file at least four false 2022 Forms 1040 for Client-1, Client-2, Client-3, and Client-4. Each of these Forms 1040 falsely reported $169,091 in dividend income, falsely reported $55,357 in withholding amounts, and fraudulently claimed refunds of $38,187. These numbers were fully

fabricated by the defendant. After these four clients received refunds, each paid the defendant between $9,000 and $13,000 in fees.

The defendant's preparation and submission of false returns was not a one-time mistake or accident. Rather, it was part of an extended scheme that the defendant perpetrated over two years. This scheme directly benefitted the defendant who collected hundreds of thousands of dollars in fees. The more clients that the defendant prepared returns for, the more income he generated for himself. The defendant did not report this income on his own 2023 and 2024 Forms 1040.

The defendant agrees that the intended loss to the United States Government is $7.2 million, while the actual loss is $6.2 million.

## 6. Advice of Rights

The defendant has read the Information, has discussed the charges and possible defenses with his attorney, and understands the crime charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

A. The right to plead not guilty and to persist in that plea;

B. The right to a speedy and public trial by jury;

C. The right to be represented by counsel—and, if necessary, have the court appoint counsel—at every critical stage of the proceedings, including trial;

D. The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E. The right to confront and cross-examine adverse witnesses at trial;

F. The right to testify or not to testify at trial, whichever the defendant chooses;

G. If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H. The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

I. The right to compel the attendance of witnesses at trial.

## 7. Collateral Consequences of Conviction

The defendant understands that his conviction here may carry additional consequences under federal or state law. The defendant

understands that, if he is not a United States citizen, his conviction here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of his conviction here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's conviction might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his conviction.

## 8. Defendant's Guideline Range

### A. Court's Determination

The Court will determine the defendant's guideline range at sentencing.

### B. Acceptance of Responsibility

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). Further, if the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government will move for an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, his probation officer; obstructing justice in any way; denying his guilt on the offense to which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the

defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C. Other Guideline Recommendations

The parties jointly recommend the following guidelines calculations:

i. The parties agree and stipulate that, pursuant to U.S.S.G. § 2B1.1(a) and (b), the base offense level is 6 and an additional 18 levels are added, based on an intended tax loss of more than $3,500,000 but not more than $9,500,000, for a combined offense level of **24**;

ii. The defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a Career Offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

### D. Factual Stipulations for Sentencing Purposes

The parties have no additional factual stipulations for sentencing purposes.

**E. Parties' Obligations**

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

**F. Not a Basis to Withdraw**

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

**9. Imposition of Sentence**

**A. Court's Obligation**

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing

guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

### B. Imprisonment

#### 1. Recommendation

The government recommends a sentence within the guideline range as calculated by the Court. There is no joint recommendation or agreement as to the sentence.

#### 2. No Right to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C. Supervised Release

#### 1. Recommendation

The parties have no agreement as to supervised release.

#### 2. Original Recommendation Not Applicable to Revocation

The defendant understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 9.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D. Fines

The parties have no agreement as to a fine.

### E. Restitution

The defendant agrees to pay restitution to the Internal Revenue Service in the amount ordered by the Court at sentencing pursuant to 18 U.S.C. § 3663(a)(3). The defendant agrees that the amount of restitution will be limited to $921,978. The defendant agrees that the total amount of restitution reflected in this agreement results from the actual loss caused by the defendant's fraudulent conduct.

The defendant agrees to pay Title 26 interest on the restitution amount; interest runs from the last date prescribed for payment of the relevant tax liability until the IRS receives payment in full.

The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and 3613. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

The defendant understands that the IRS will use the amount of restitution ordered as the basis for a civil assessment under 26 U.S.C. § 6201(a)(4). The defendant does not have the right to challenge the amount of this restitution-based assessment. *See* 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor the defendant's timely payment of restitution according to that schedule will preclude the IRS from immediately collecting the full amount of the restitution-based assessment.

The defendant is entitled to receive credit for restitution paid pursuant to this plea agreement against those assessed civil tax

liabilities due and owing for the same periods for which restitution was ordered.

The defendant understands and agrees that the plea agreement does not resolve the defendant's civil tax liabilities, that the IRS may seek additional taxes, interest, and penalties from the defendant relating to the conduct covered by this plea agreement and for conduct relating to any other time period, and that satisfaction of the restitution debt does not settle, satisfy, or compromise the defendant's obligation to pay any remaining civil tax liability. The defendant authorizes release of information to the IRS for purposes of making the civil tax and restitution-based assessments.

The defendant understands that he is not entitled to credit with the IRS for any payment until the payment is received by the IRS. If full payment cannot be made immediately, the defendant agrees to make a complete and accurate financial disclosure to the IRS on forms prescribed by the IRS (including, but not limited to, IRS Form 433-A and Form 433-B, as appropriate), and to disclose to the IRS any and all additional financial information and financial statements provided to

the probation office. The defendant also agrees to provide the above-described information to the probation office.

If the defendant makes a payment of the restitution agreed to above prior to sentencing, the payment will be applied as a credit against the restitution ordered.

The defendant shall cooperate fully with the IRS in determining defendant's corrected tax liability and any assessed penalties and applicable interest with the IRS. The defendant agrees that he will sign IRS Form 870, Form 2504, or other appropriate form enabling the IRS to make an immediate assessment of the liability underlying the restitution agreed to above. The defendant agrees that he will not claim a refund of the payment or otherwise challenge the existence or amount of the tax liability underlying the restitution agreed to above. If the amount of restitution identified above has not already been reduced to account for any such payments, the government agrees that the amount of the restitution to be ordered by the Court shall be reduced by a payment made in conformity with this provision.

The defendant agrees to send all payments made pursuant to the Court's restitution order to the Clerk of the Court at the following address:

United States District Court for the Eastern District of Michigan
Clerk's Office
231 W. Lafayette Blvd., Room 599
Detroit, MI 48226

With each payment to the Clerk of the Court made pursuant to the District Court's restitution order, the defendant will provide the following information:

A. The defendant's name and Social Security Number;

B. The District Court and the docket number assigned to this case;

C. Tax years for which restitution has been ordered; and

D. A statement that the payment is being submitted pursuant to the District Court's restitution order.

The defendant agrees to include a request that the Clerk of the Court send the information, along with the defendant's payments, to the IRS address below:

IRS-RACS
Attn: Mail Stop 6261, Restitution
333 W. Pershing Ave.

Kansas City, MO 64108

The defendant also agrees to send a notice of any payments made pursuant to this agreement, including the information listed in the previous paragraph, to the IRS at the following address:

IRS-RACS
Attn: Mail Stop 6261, Restitution
333 W. Pershing Ave.
Kansas City, MO 64108

The defendant agrees to make a full presentence disclosure of his financial status by completing a Financial Disclosure Form and the accompanying releases for the purpose of determining his ability to pay restitution. The defendant agrees to complete and return the Financial Disclosure Form within three weeks of receiving it from government counsel. The defendant agrees to participate in a presentencing debtor's examination if requested to do so by government counsel.

**F. Special Assessment**

The defendant understands that he will be required to pay a special assessment of $100, due immediately upon sentencing.

**10. Appeal Waiver**

The defendant waives any right he may have to appeal his conviction on any grounds. The defendant also waives any right he may

have to appeal his sentence on any grounds, unless his sentence of imprisonment exceeds the top of the guideline range as determined by the Court (or any applicable mandatory minimum, whichever is greater).

**11. Collateral Review Waiver**

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

## 12. Remedies for Withdrawal, Breach, Rejection, or Vacatur

If the defendant is allowed to withdraw his guilty plea, or breaches this agreement, or if the Court rejects this agreement, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the defendant has been permitted to plead guilty to a lesser-included offense, the government may also reinstate any charges or file any additional charges against the defendant for the greater offense, and the defendant waives his double-jeopardy rights with respect to the greater offense. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

**13. Use of Withdrawn Guilty Plea**

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he understands waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

**14. Parties to Plea Agreement**

This agreement does not bind any government agency except the United States Department of Justice Criminal Division.

**15. Scope of Plea Agreement**

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement.

If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

**16. Legal Representation**

The defendant is satisfied with the legal representation provided by the defendant's lawyer. The defendant and his lawyer have fully discussed this plea agreement, and the defendant is agreeing to plead guilty because he admits that he is guilty.

**17. Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, by the undersigned trial attorneys by 5:00 p.m. on May 12, 2026. The government may withdraw from this agreement at any time before the

defendant pleads guilty.

A. TYSEN DUVA
Assistant Attorney General
Department of Justice, Criminal Division

Shawn T. Noud
Trial Attorney, Tax Section
Department of Justice, Criminal Division

Alexis S. Hughes
Trial Attorney, Tax Section
Department of Justice, Criminal Division

Dated:

By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it with his attorney, and has had a full and complete opportunity to confer with his attorney. The defendant further agrees that he understands this entire document, agrees to its terms, has had all of his questions answered by his attorney, and is satisfied with his attorney's advice and representation.

Steve Fishman
Attorney for Defendant

Rodney Underwood
Defendant

Dated: 5/11/26